UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINE SAACKS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1149** |
| **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Appeal the Magistrate's Decision on Defendant's Motion for Leave to Amend its Answer and Plaintiff's Motion to Strike. R. 130. Defendant opposes the Motion. R. 186. The Court has reviewed the parties' arguments and applicable law, and now issues this Order and Reasons.

### I.    BACKGROUND

This case arises from a car accident that occurred on December 30, 2014, on North Causeway Boulevard in Metairie, Louisiana. According to Plaintiff Antoine Saacks, he was struck by Jonathan St. Pierre as the two drove along the causeway. R. 1-1 at 1. Mr. St. Pierre was insured by Progressive Security Insurance Company ("Progressive"), but his policy was capped at $50,000. R. 1-1 at 1. Progressive paid to the limit of the policy, but Mr. Saacks contends that $50,000 is insufficient to compensate him and his wife for their losses. R. 1-1 at 1.

At the time of the accident, Mr. Saacks carried underinsured motorist coverage with Privilege Underwriters Reciprocal Exchange ("Privilege"). Mr. Saacks sought to collect the balance of his damages from his insurance policy, PURE Private Fleet Auto Policy Number PA041437901 ("the policy"). On December 15, 2015, Plaintiffs Antoine & Kim Saacks brought the instant action in the 24th Judicial District Court for the Parish of Jefferson. R. 1-1 at 1. Plaintiffs

contend that Privilege wrongly failed to tender a fair sum or to fairly settle the Plaintiffs' claim within sixty days of receipt of Plaintiffs' medical documentation, as required by LSA-R.S. 22:1892 and LSA-R.S. 22:1973. R. 1-1 at 2. Plaintiffs seek the balance of their damages from the December 30, 2014, car accident, as well as monetary penalties provided for by Louisiana law. R. 1-1 at 2.

Privilege removed the suit to this Court on February 8, 2016. R. 1. Privilege timely Answers and denies Plaintiffs' allegations. R. 4 at 1-3. Privilege asserts a number of affirmative defenses, including exclusions to coverage provided in the policy. R. 4 at 3-6. On December 20, 2016, Privilege filed a Motion seeking Leave to file an amended answer. R. 67. In the motion, Privilege explained that through recent discovery it learned of "suspicious circumstances" which supported claims of fraud against Plaintiffs. R. 67 at 3. Privilege argued this information was only recently discovered, and it would be prejudiced if not allowed to amend its answer and assert these fraud claims. R. 67 at 4. Plaintiffs opposed the motion, and argued no good cause existed for such an amendment, and any amendment this close to trial would prejudice Plaintiffs. R. 70 at 1. In conjunction with their opposition, Plaintiffs filed a Motion to Strike Defendant's Motion for Leave. R. 77. The Court referred the Motions to Magistrate Judge North, R. Doc. 98, who heard oral argument on the motions. R. 104.

After reviewing the parties' motions and their statements during oral argument, Magistrate North granted the Defendant's Motion to Amend its Answer, and Denied the Plaintiff's Motion to Strike. R. 126. The Magistrate held that Privilege's twelfth affirmative defense encompassed all exclusions available under the insurance policy at issue, including fraud. Magistrate North explained the amendment was not a new defense, but made "solely to conform the pleadings to the evidence that was revealed through discovery." Further, the Magistrate determined that Plaintiffs failed to demonstrate they would suffer undue prejudice if the amendment was allowed.

R. 126 at 1-2. Finally, Magistrate North explained that a motion to strike is a "drastic remedy" and not warranted in this case. On January 23, 2017, Plaintiffs filed the instant appeal for review of the order of the Magistrate Court, raising the same arguments dismissed by Magistrate North. R. 130.

## II.     LAW AND ANALYSIS

Under Federal Rule of Civil Procedure Rule 72(a), a party may serve and file objections to a magistrate judge's orders regarding nondispositive pretrial matters if the objection is filed within ten (10) days after service of the order. Federal law affords a magistrate judge broad discretion in the resolution of pretrial disputes. *See* Fed. R. Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Thus, a district court reverses a magistrate judge's ruling on nondispositive pretrial matters only where the court finds such a ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *In re Combustion, Inc.,* 161 F.R.D. 54, 55 (W.D. La.1995). A party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge. *See Cupit v. Whitley,* 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied,* 513 U.S. 1163 (1995). Therefore, Plaintiff must overcome a high hurdle.

In this case, Plaintiff seeks to overturn the magistrate's decision allowing Defendant to amend its answer after the deadline in the scheduling order. Under Federal Rule of Civil Procedure 16(b), once a scheduling order has been entered, it may only be modified for good cause and with the judge's consent. *S&W Enters., LLC v. Southtrust Bank of Ala.*, *NA,* 315 F.3d 533, 535 (5th Cir. 2003); Fed. R.Civ. P. 16(b). To determine if good cause exists, the Court should consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir.

2012), *citing, Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S & W Enters., LLC*, 315 F.3d at 536.

In this appeal, Plaintiffs argue that the Magistrate Court erred in granting Privilege's motion to amend for three reasons: 1) there is no reason Privilege could not have amended its answer earlier; 2) an amendment this close to trial is prejudicial; and 3) Privilege fabricated the fraud allegations as there are no suspicious circumstances in this case. However, the Court finds Magistrate North's Order was correct and Plaintiff's objections are without merit.

After reviewing the parties' briefs and statements at oral argument, Magistrate North determined that Plaintiffs failed to show they would be prejudiced by the amendment. Further, he determined that Privilege's proposed amendment merely sought to "conform the pleadings to the evidence that had been revealed through discovery." Contrary to Plaintiff's argument that Privilege could have amended its answer earlier, the Magistrate explained this information was uncovered through discovery, and thus good cause existed for a late amendment. The Court finds that Magistrate North did not err in granting Defendant's Motion. *See Serv. Temps Inc.*, 679 F.3d at 334.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's Motion to Review and Appeal the Magistrate Judge's Order, R. Doc. 130, is **DENIED**.

New Orleans, Louisiana, this 31st day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE