UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINE SAACKS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1149** |
| **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court are three motions regarding the nature and extent that Plaintiffs' former counsel, Mr. Robert Harvey and Ms. Tamara Jacobson, may participate in this trial. R. 154, 157, 159. Plaintiffs, Mr. Harvey, and Ms. Jacobson have filed various objections to the motions. R. 164, 165, 166, 167. The Court has reviewed the parties' arguments and applicable law, and now issues this Order and Reasons.

### I.   BACKGROUND

This case arises from a car accident that occurred on December 30, 2014, on North Causeway Boulevard in Metairie, Louisiana. According to Plaintiff Antoine Saacks, he was struck by Jonathan St. Pierre as the two drove along the causeway. R. 1-1 at 1. Mr. St. Pierre was insured by Progressive Security Insurance Company ("Progressive"), but his policy was capped at $50,000. R. 1-1 at 1. Progressive paid the policy limits, but Mr. Saacks contends that $50,000 is insufficient to compensate him and his wife for their losses. R. 1-1 at 1.

At the time of the accident, Mr. Saacks carried underinsured motorist coverage with Privilege Underwriters Reciprocal Exchange ("Privilege"). Mr. Saacks sought to collect the balance of his damages from his uninsured/underinsured motorist ("UM") policy, PURE Private Fleet Auto Policy Number PA041437901 ("the policy"). On December 15, 2015, Plaintiffs

1

Antoine & Kim Saacks brought the instant action in the 24th Judicial District Court for the Parish of Jefferson. R. 1-1 at 1. Plaintiffs contend that Privilege wrongly failed to tender a fair sum or to fairly settle the Plaintiffs' claim within sixty days of receipt of Plaintiffs' medical documentation, as required by LSA-R.S. 22:1892 and LSA-R.S. 22:1973. R. 1-1 at 2. Plaintiffs seek the balance of their damages from the December 30, 2014, car accident, as well as monetary penalties provided under Louisiana law. R. 1-1 at 2.

Privilege removed the suit to this Court on February 8, 2016. R. 1. Privilege timely Answers and denies Plaintiffs' allegations. R. 4 at 1-3. Privilege asserts a number of affirmative defenses, including exclusions to coverage provided in the policy. R. 4 at 3-6.

Mr. Saacks was originally represented by Mr. Robert Harvey and Ms. Tamara Jacobson. After a period of time, Saacks discharged Harvey and Jacobson and hired his present counsel, Darlene Jacobs. Harvey and Jacobson filed an intervention in this matter seeking an attorney fee earned during their representation of Saacks.

## II.     PRESENT MOTIONS

The motions currently before the Court address what role, if any, Plaintiffs' former counsel, Mr. Robert Harvey and Ms. Tamara Jacobson ("Intervenors"), may have in this trial. As background, Defendant explains that Intervenors handled Plaintiffs' UM claim before this suit was filed. They remained counsel of record in this case until December 27, 2016, when they filed a motion to withdraw. R. 73. The Court granted the motion on January 4, 2017 and on January 19, 2017, Mr. Harvey and Ms. Jacobson filed a motion to intervene, which the Court granted. While Mr. Harvey had been listed as a fact witness for some time, Plaintiffs recently designated him as an expert witness, who will testify that PURE acted in bad faith in handling Plaintiffs' UM claim. R. 154 at 1. Additionally, the Court has been informed that Mr. Harvey has filed a defamation

claim against Defendant and its counsel in state court. Based on these facts, Defendant contends Mr. Harvey's testimony should be limited to that of a fact witness, any references to his state court lawsuit against Defendant must be excluded, and as a fact witness he should be sequestered and not allowed to participate in the trial. The Court will address each of Defendant's motions in turn.

    a. **Defendant's Motion to Exclude or Limit Mr. Robert Harvey's Testimony (R. 154)**

Defendant argues that allowing Mr. Harvey to offer expert testimony would violate FRCP 26(a)(2)(B), and FRE 403, 701, 702, and his testimony must be limited to that of a fact witness. Further, Defendant contends that Mr. Harvey's status as a lien-intervenor does not entitle him to participate fully in trial, and seeks an order sequestering him in his role as a witness and limiting his participation as attorney to only what is necessary to "securing his lien for his contingency fee in this case." R. 154 at 2.

Defendant explains Mr. Harvey was listed as an attorney of record until January 4, 2017, and was not disclosed as an expert witness until long after the October 26, 2016 deadline for expert disclosures. R. 154 at 3. Further, Plaintiffs previously appointed another expert witness—Jim Schratz—who was to testify regarding insurance industry standards. R. 154 at 3-4. The parties scheduled Mr. Schratz's deposition, but Plaintiffs then removed him from the witness list, and asked that he be released from the deposition subpoena. Defendant agreed, provided "Plaintiff would not call Mr. Schratz or any other bad faith expert at trial." R. 154 at 4. On December 19, 2016, Plaintiffs notified Defendant they intended to call Mr. Harvey but did not specifically indicate he would provide expert testimony. R. 154 at 4. On December 27, 2016, Mr. Harvey filed a motion to withdraw as counsel in this case, was deposed as a fact witness, then filed a defamation suit against Defense counsel and PURE in Orleans Parish Civil District Court. R. 154 at 5. On January 18, 2017, he filed a motion to intervene in this lawsuit. R. 154 at 5. Defendant contends

3

that given his current role in the case, Mr. Harvey's participation should be limited to his role as a fact witness and lien-intervenor.

Defendant cites five reasons to support its argument that Mr. Harvey's testimony should be limited to his knowledge as a fact witness. First, Defendant argues that Mr. Harvey is not a lay expert witness under Rule 701, as his purported testimony regarding insurance standards is not based on his personal perception. R. 154 at 6-7. Second, Defendant argues that Plaintiffs have not satisfied the requirements for Mr. Harvey to testify as a Rule 702 expert, as he has not submitted any of the information mandated by Federal Rule of Civil Procedure 26. R. 154 at 7-8. Third, Defendant argues that any purported testimony from Mr. Harvey regarding insurance industry practices fails to meet *Daubert* requirements. R. 154 at 9. Defendant argues that Mr. Harvey is not an insurance claims handler and does not have advanced knowledge, training, or experience in the insurance industry. R. 154 at 11-13. Defendant contends this testimony also fails to satisfy the reliability requirements of *Daubert*. Fourth, Defendant avers Mr. Harvey's personal bias against Defendant and its counsel disqualifies him as an expert witness under Rule 403. This alleged bias is based on Mr. Harvey's defamation lawsuit against Defendant in state court, and that as a lien-intervenor, he has a direct financial stake in the outcome of the litigation. R. 154 at 14-15.

Defendant then argues that Mr. Harvey should be prohibited from acting as *pro se* counsel during trial, except in relation to his rights as a lien-intervenor. R. 154 at 16. Defendant cites Louisiana Rule of Professional Conduct 3.7, which bars an attorney who testifies as a witness from acting as an attorney in that trial. R. 154 at 16. Defendant recognizes that intervenors are treated as original parties with equal standing, but contends the petition for intervention establishes limited parameters for that action and the Court has discretion to impose further conditions on Intervenors. R. 154 at 17 (citing Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.); *Beauregard, Inc.*

*v. Sword Services L.L.C.*, 107 F.3d 351, 352 (5th Cir. 1997) ("It is undisputed that virtually any condition may be attached to a grant of permissive intervention.")). Based on this authority, Defendant argues Mr. Harvey's participation at trial should be limited to his role as a fact witness and his right as the lien-intervenor. R. 154 at 19 (citing *Beauregard*, 107 F.3d at 354, n.9). Finally, Defendant explains it plans on stipulating to Mr. Harvey's lien rights, thereby eliminating the need for him to act on his own behalf in relation to the fee issue. R. 154 at 20.

### b. Plaintiffs' Response (R. 165)

Plaintiffs oppose the motion and argue Mr. Harvey should be allowed to fully participate in trial and sequestration is unwarranted. R. 165 at 1-2. Plaintiffs contend Mr. Harvey is entitled to participate as an intervenor, testify regarding his interactions with Defendant's employees, and sit at counsel table after his testimony. R. 165 at 2. Further, Plaintiffs argue that Defendant has accused Mr. Saacks and Mr. Harvey of fraud, and therefore Mr. Harvey is entitled to defend himself against those allegations. R. 165 at 3. Plaintiffs aver that limiting Mr. Harvey's participation would cause irreparable harm to Plaintiffs. R. 165 at 3.

Addressing Defendant's arguments that Plaintiffs are calling Mr. Harvey as an expert, Plaintiffs aver they are only calling him as a fact witness who will testify "to his perception of PURE's arbitrary and capricious conduct." R. 165 at 5. Plaintiffs contend this testimony is based on his own perceptions, and should be allowed under Rule 701. R. 165 at 5. Finally, Plaintiffs argue that Mr. Harvey's anticipated testimony does not violate Rule 403, and any challenges to his testimony should be addressed on cross examination.

### c. Defendant's Motion to Exclude Evidence of Mr. Harvey's Lawsuit (R. 157)

Defendant has filed a motion to exclude any argument, reference, or evidence related to Mr. Harvey's suit against Defendant and defense counsel in state court. By way of background,

5

Defendant explains that Mr. Harvey filed a defamation suit against Defendant after it filed an amended answer alleging fraud in this case. R. 157 at 1. Plaintiffs have included the state court petition as an exhibit in this case. R. 157 at 1. Defendant argues that the issues in the state court suit are irrelevant in this matter, and must be excluded under Federal Rules of Evidence 401, 403 and 404. R. 157 at 2.[1] In particular, Defendant emphasizes that evidence of the lawsuit would only serve to "inflame the jury" against Defendant and confuse the issues in this case. R. 157 at 9-10.

### d. Plaintiffs' Response (R. 166)

Plaintiffs oppose the motion, and reassert the arguments made in their opposition to Defendant's motion to limit Mr. Harvey's participation at trial. R. 166 at 1-2. They argue evidence of Mr. Harvey's defamation lawsuit is relevant to refute Defendant's fraud defense, and admissible under Rule 401, 403 and 404. R. 166 at 2-3.

### e. Defendant's Motion to Vacate Order Granting Intervention (R. 159)

Defendant seeks to vacate this Court's order allowing Mr. Harvey and Ms. Jacobson, Plaintiffs' former counsel, to intervene in this lawsuit. R. 159. Defendant explains it does not object to the Court's decision to allow Intervenors to secure a lien for their contingency fee in this matter, but opposes the motion to the extent Intervenors intend to participate as *pro se* counsel at trial. R. 159 at 1. Defendants again argue that Louisiana Rule of Professional Conduct 3.7 bars attorneys who are witnesses from acting as attorneys in that trial. R. 159 at 2. In *Farrington v. Law Firm of Sessions, Fishman,* the Louisiana Supreme Court held that this rule does not apply when a lawyer represents himself; however, Defendant argues that rule does not allow Mr. Harvey to participate beyond his role as his own attorney protecting his contingent fee lien. R. 159 at 2-3 (citing

---

[1] In support of this position, Defendant reviews the law of defamation which is relevant in Mr. Harvey's state court suit, and the law of UM claims that is relevant in this matter. Further, Defendant concedes that "None of Mr. Saacks' conduct or his knowledge of his fraud is imputable to his UM counsel." R. 157 at 4-6.

6

*Farrington v. Law Firm of Sessions, Fishman*, 96-1486, p. 4 (La. 2/25/97); 687 So.2d 997, 1000.). Thus, Defendant urges Mr. Harvey's participation at trial should be limited to proving his lien to recover a portion of any damages awarded to Mr. Saacks. R. 159 at 6.

### f. Plaintiffs' Response (R. 164, 167)

Plaintiffs oppose the motion, and argue Plaintiffs' former counsel are entitled to intervene in this matter and testify at trial. Intervenors also oppose the motion, and contend they have a constitutional right to fully participate at trial and allege their participation will not prejudice Defendant. R. 167 at 3.

## III. LAW AND ANALYSIS

### a. Severing Claims Under Federal Rule of Civil Procedure 21

Rule 21 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." District courts have "broad discretion" to sever even properly joined parties. *Brunet v. United Gas Pipeline Co.,* 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n,* 231 F.3d 211, 214 (5th Cir. 2000). "Once a claim has been severed . . . it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken." 7 Wright, Miller & Kane, *Federal Practice & Procedure* § 1689 (3d ed. 2001).

A district court may consider the following factors in order to determine whether claims should be severed: (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims. *See*

*McFarland v. State Farm Fire & Cas. Co.,* Civ. A. No. 06-466, 2006 WL 2577852, *1 (S.D.Miss. Sept. 6, 2006) (*citing Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556, 580 (S.D.N.Y.1999)).

Here, it is undisputed that Mr. Harvey and Ms. Jacobson have a right to secure a lien for their contingency fee in this case. However, Intervenors need not appear in this action in order to preserve their lien for their contingent fee contract. Plaintiffs' claims for damages and allegations of bad faith are wholly unrelated to Intervenors' contingent fee contract. Because these claims are based on different facts and questions of law, allowing Mr. Harvey and Ms. Jacobson to intervene in this matter does not promote judicial economy. Further, the Court finds that Intervenors will not be prejudiced by a severance. Finally, severing Intervenor's claims will eliminate any potential jury confusion regarding this matter. Therefore, the Court severs the claims of Mr. Harvey and Ms. Jacobson from Plaintiffs' claims in this case. As they no longer have a claim in this case, there is no need for Mr. Harvey to participate in this trial beyond his role as a witness.

### b. Mr. Harvey's Purported Expert Testimony

As an initial matter, Plaintiffs allege they are only calling Mr. Harvey to testify regarding his own observations and perceptions, and are not offering him as an expert witness. The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion. Lay opinion testimony is governed by Rule 701:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Expert opinion testimony, on the other hand, is governed by Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court finds that Mr. Harvey's purported testimony regarding his interactions with PURE and its employees is rationally based on his own perceptions, helpful to determining a fact in issue in this case (namely, whether PURE violated its duties to timely make a reasonable settlement offer in this matter), and not based on specialized knowledge. Thus, testimony based on his own observations and experience is admissible. However, Mr. Harvey is not an insurance adjuster or claims representative. While he has likely interacted with insurance companies in numerous cases throughout his career, he does not have any specialized training or experience in the insurance industry. He is not qualified under Rule 702 or *Daubert* to offer expert testimony regarding standard practices of insurance companies. Therefore, his testimony is limited to his experience as a fact witness regarding the actions or inactions of PURE during his representation of Saacks. Additionally, the Court finds it appropriate to sequester Mr. Harvey along with the other fact witnesses in this case.

### c. Evidence Related to Mr. Harvey's Lawsuit

Mr. Harvey's lawsuit in state court is not relevant in this matter; thus, any reference or evidence related to the lawsuit are inadmissible. Under the Federal Rules, relevant evidence is generally admissible, with relevance defined as having any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401, 402. However, "[t]he court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. " 'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note.

Nothing about Mr. Harvey's state court suit has any tendency to make a fact in this case more or less probable. The state court lawsuit was filed long after the events which form the basis of this lawsuit occurred. Further, the Court finds that any reference to the state court case would unfairly prejudice Defendant and could confuse or mislead the jury. Therefore, any evidence or testimony about Mr. Harvey's lawsuit in state Court will not be admitted at trial.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Exclude or Limit Mr. Robert Harvey's Testimony, R. 154, is **GRANTED** in part and **DENIED** in part. Mr. Harvey may testify as to his own observations and experience, but may not offer expert testimony.

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Evidence Regarding Mr. Harvey's Lawsuit R. 157 is **GRANTED.**

**IT IS FURTHER ORDERED** that Mr. Harvey and Ms. Jacobson's claims for their contingency fee are hereby severed from this action. Defendant's Motion to Vacate the Order Granting Intervention, R. 159, and the related Motion to Expedite, R. 160, are **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 2nd day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

_____