UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINE SAACKS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1149** |
| **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Appeal the Magistrate's Decision on Plaintiff's Motion to exclude evidence of convictions and arrests. R. 216. The Court has reviewed the record, the magistrate's ruling, Plaintiffs' arguments and applicable law, and now issues this Order and Reasons.

### I. BACKGROUND

This case arises from a car accident that occurred on December 30, 2014, on North Causeway Boulevard in Metairie, Louisiana. According to Plaintiff Antoine Saacks, he was struck by Jonathan St. Pierre as the two drove along the causeway. R. 1-1 at 1. Mr. St. Pierre was insured by Progressive Security Insurance Company ("Progressive"), but his policy was capped at $50,000. R. 1-1 at 1. Progressive paid to the limit of the policy, but Mr. Saacks contends that $50,000 is insufficient to compensate him and his wife for their losses. R. 1-1 at 1.

At the time of the accident, Mr. Saacks carried underinsured motorist coverage with Privilege Underwriters Reciprocal Exchange ("Privilege"). Mr. Saacks sought to collect the balance of his damages from his insurance policy, PURE Private Fleet Auto Policy Number PA041437901 ("the policy"). On December 15, 2015, Plaintiffs Antoine & Kim Saacks brought the instant action in the 24th Judicial District Court for the Parish of Jefferson. R. 1-1 at 1. Plaintiffs

also contend that Privilege wrongly failed to tender a fair sum or to fairly settle the Plaintiffs' claim within sixty days of receipt of Plaintiffs' medical documentation, as required by LSA-R.S. 22:1892 and LSA-R.S. 22:1973. R. 1-1 at 2. Plaintiffs seek the balance of their damages from the December 30, 2014, car accident, as well as monetary penalties provided for by Louisiana law. R. 1-1 at 2.

Privilege removed the suit to this Court on February 8, 2016. R. 1. Privilege timely Answers and denies Plaintiffs' allegations. R. 4 at 1-3. Privilege asserts a number of affirmative defenses, including insurance fraud. R. 4 at 3-6. In 1996, Plaintiff Antoine Saacks was convicted of bankruptcy fraud and was sentenced to prison for two years. On November 11, 2016, Plaintiffs filed a Motion to exclude evidence of Mr. Saacks' previous arrest and conviction for bankruptcy fraud. R. 36. The Court referred the Motion to Magistrate Judge North, R. Doc. 98, who heard oral argument on the issue.

After reviewing the parties' motions and their statements during oral argument, Magistrate North denied Plaintiffs' motion to exclude evidence of Mr. Saacks' arrest and conviction for bankruptcy fraud. R. 215. The Magistrate determined the evidence was admissible under Federal Rule of Evidence 609 because the elements of the crime required proof of the witness' dishonest acts or false statements. R. 215 at 1-2 (citing *United States. v. Porter*, No. 13-CR-066, 2016 WL 879996 (E.D. La. Mar. 8, 2016)). Magistrate North reasoned that "[b]ankruptcy fraud is a quintessential example of a crime of dishonesty and is highly probative of the witness' truthfulness." *See*, *e.g.*, *Smith v. Great West Cas. Co.*, No. 05-CV-4654, 2007 WL 4114342 at *2 (E.D. La. Nov. 15, 2007).

However, because the conviction occurred more than 10 years ago, this evidence is only admissible if its probative value substantially outweighs its prejudicial effect, and the proponent gives the adverse party reasonable written notice of their intent to use the evidence. Fed. R. Evid.

609(b). In light of this condition, the Magistrate analyzed the five factors which the Fifth Circuit requires courts to consider when weighing the probative value and prejudicial effect of a prior conviction. These factors are:

> (1) The nature [impeachment value] of the crime.
> (2) The time of conviction.
> (3) The similarity between the past crime and the charged crime.
> (4) The importance of defendant's testimony.
> (5) The centrality of the credibility testimony.

*United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985). Magistrate North determined that the first, fourth, and fifth factors weighed in favor of admission, the third factor was neutral, and only the second factor weighed in favor of exclusion. Specifically, Magistrate North reasoned that the nature of the prior conviction—fraud—is highly probative of the witness' truthfulness and Mr. Saacks' credibility is "crucially important" in all aspects of this case. Based on the specific facts and circumstances of this case, Magistrate North determined that the probative value of the conviction substantially outweighed its prejudicial effect, and the evidence is admissible. R. 215 at 2-3; *see United States v. Acosta*, 763 F.2d 671, 695 (5th Cir.), *cert. denied*, 474 U.S. 863, 106 S.Ct. 179 (1985)). On February 1, 2017, Plaintiffs filed the instant appeal for review of the order of the Magistrate Court, raising the same arguments dismissed by Magistrate North. R. 216.

## II.   LAW AND ANALYSIS

Under Federal Rule of Civil Procedure Rule 72(a), a party may serve and file objections to a magistrate judge's orders regarding nondispositive pretrial matters if the objection is filed within ten (10) days after service of the order. Federal law affords a magistrate judge broad discretion in the resolution of pretrial disputes. *See* Fed. R. Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Thus, a district court reverses a magistrate judge's ruling on nondispositive pretrial matters only where the

court finds such a ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *In re Combustion, Inc.,* 161 F.R.D. 54, 55 (W.D. La.1995). A party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge. *See Cupit v. Whitley,* 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied,* 513 U.S. 1163 (1995). Therefore, Plaintiff must overcome a high hurdle.

In this case, Plaintiff seeks to overturn the magistrate's decision allowing Defendant to admit evidence of Mr. Saacks' previous arrest and conviction for bankruptcy fraud. Under Federal Rule of Evidence 609, evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609 (a). However, if the conviction occurred more than ten years ago, such evidence is only admissible if the probative value of the evidence substantially outweighs its prejudicial effect. Fed. R. Evid. 609 (b). The record demonstrates that the Magistrate applied the Fifth Circuit factors for weighing potential prejudice against probative value, and determined the probative value of Mr. Saacks' conviction substantially outweighed any prejudicial effects.

Of particular significance in this matter is that in addition to seeking compensation for his injuries, Plaintiff seeks punitive damages due to Defendant's alleged failure to make a timely offer. Defendant's defense to this allegation is that Plaintiff committed insurance fraud. While the credibility of a witness is always important, that importance is heightened in this case because of these fraud allegations. Thus, Mr. Saacks' previous conviction is directly relevant to the claims and defenses in this matter. Based on the foregoing, the Court finds that Magistrate North did not err in denying Plaintiffs' Motion. *See United States v. Acosta*, 763 F.2d 671, 695 (5th Cir.), *cert.*

4

*denied*, 474 U.S. 863, 106 S.Ct. 179 (1985); *United States. v. Porter*, No. 13-CR-066, 2016 WL 879996 (E.D. La. Mar. 8, 2016).

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's Motion to Review and Appeal the Magistrate Judge's Order, R. 216, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite their Motion to Review and Appeal, R. 217, is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 2nd day of February, 2017.

                                                  UNITED STATES DISTRICT JUDGE